In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-1089 and 99-3252

Jennifer Dormeyer,

Plaintiff-Appellant,

v.

Comerica Bank-Illinois, et al.,

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 4805--David H. Coar, Judge.

Submitted August 7, 2000--Decided August 30, 2000

Before Posner, Manion, and Kanne, Circuit Judges.

Per Curiam.  In our opinion of July 24, 2000, affirming the district court's decision, we ordered the plaintiff-appellant's counsel, Ernest T. Rossiello, to show cause why he should not be sanctioned for having taken a frivolous appeal (Fed. R. App. P. 38) from the district court's order cutting down the attorneys' fees that he had requested. Mr. Rossiello has submitted his response and the disciplinary matter is now ripe for determination.

In our opinion we had described Mr. Rossiello's brief as "a remarkable document. It is only five pages long, of which the argument section occupies not quite two pages entirely given over to truisms and conclusions. The perfunctory character of the appeal, which alone would justify an affirmance, [citations omitted], is remarkable rather than merely lamentable because of the serious accusations made by the district judge against the plaintiff's attorney, Ernest T. Rossiello, in support of the judge's decision to cut down the fees and costs sought by some 80 percent. Citing several previous judicial opinions criticizing (in one case actually sanctioning) Mr. Rossiello for his fee requests or affirming stiff cuts in the requested fees, [citations omitted], but missing still others (again including one case in which he was actually sanctioned), [citations omitted], the

judge accused Rossiello, just as the judge in [citation omitted] had done, of engaging in the dishonest practice of joining to small valid claims, here the plaintiff's FLSA claim, large invalid and even frivolous claims, and seeking a large award of attorneys' fees for services ostensibly devoted to the small claim but actually devoted to the large." We pointed out that "in his application for fees, Rossiello allocated 124 hours, constituting half the total time that he and his associates put in on the plaintiff's entire case, to the FLSA claim, even though it was a tiny claim which required little more than the record of the days and hours worked by the plaintiff and which the defendant did not resist. The defendants had made an offer of judgment for the full amount sought before trial, which the plaintiff accepted. And before the offer was made the parties had engaged in only the most limited discovery on the claim, consisting of one request for documents, a single interrogatory, and ten or so minutes of deposition time. The judge was rightly aghast at the allocation of half the total lawyer time to the FLSA claim. A similar problem attended Rossiello's allocation of costs. In his appeal brief, Rossiello (who signed the brief) does not deny the judge's accusations. Although he complains without elaboration that the judge should have allowed him a higher hourly fee, he says nothing about the judge's accusing him of submitting what amounts to a fraudulent claim of attorneys' fees and of doing this, moreover, in case after case."

 We are dismayed, in light of the detailed recitation of our concerns in the original opinion, that Mr. Rossiello, in his response to the order to show cause, does not forthrightly confront the charge of fraudulent billing. Except for a single footnote, his response is devoted to repeating his complaint that he should have been allowed a higher hourly fee and to trying to explain away some of the criticisms made of his billing practices by other judges in other cases. The footnote does not attempt to justify the absurd claim that he devoted 124 hours to the overtime claim. It suggests confusedly that he had to prepare to go to trial on that claim, ignoring the statement in our opinion that the defendant had made an offer of judgment for the full amount before trial which the plaintiff had accepted. The response is totally inadequate. Mr. Rossiello stands convicted of having attempted to defraud the district court and his opponent and of having defended this attempt shamelessly in this court. The appeal he took from the district court's order on fees and costs was not only frivolous but outrageous. We assess damages of $10,000 under Rule 38 of the Federal Rules of

Appellate Procedure, which are to be paid by Rossiello personally (not his client) to the defendants-appellees within 14 days of the date of this order. Berwick Grain Co. v. Illinois Dept. of Agriculture, 217 F.3d 502, 506 (7th Cir. 2000) (per curiam); Hill v. Norfolk & Western Railway Co., 814 F.2d 1192, 1201-02 (7th Cir. 1987); Westinghouse Electric Corp. v. NLRB, 809 F.2d 419, 425 (7th Cir. 1987); Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir. 1986); Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir. 1985).

So Ordered.