In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4346

TERRY A. BATT, MARK S. FERUS
and RUSSELL CANNIZZO,

Plaintiffs-Appellants,

v.

MICRO WAREHOUSE, INCORPORATED,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 7704--John A. Nordberg, Judge.


Argued October 30, 2000--Decided February 28, 2001



Before RIPPLE, DIANE P. WOOD and EVANS, Circuit
Judges.

RIPPLE, Circuit Judge.  Terry Batt, Mark Ferus
and Russell Cannizzo, prevailing plaintiffs in a
Fair Labor Standards Act ("the FLSA" or "the
Act") action, bring this appeal to challenge the
amount of attorneys' fees awarded by the district
court under the Act. For the reasons set forth in
the following opinion, we affirm the judgment of
the district court.

I
BACKGROUND

Mr. Batt brought this FLSA action seeking
liquidated damages for Micro Warehouse's failure
to pay him overtime during his employment. Mr.
Ferus and Mr. Cannizzo later joined the action.
Micro Warehouse made an offer of judgment to all
three plaintiffs of approximately $6,600,
excluding attorneys' fees. All three plaintiffs
accepted the offer.

A.

Mr. Batt's attorney, Ernest Rossiello, submitted
a fee petition to the district court in the
amount of $12,840.50. The petition requested
compensation for 21.6 hours of attorney time and

5.2 hours of paralegal time for litigating the merits of the action. It also requested compensation for 10.5 attorney hours and 2.1 paralegal hours for preparing the fee petition.

Mr. Rossiello requested that he be compensated at the rate of $375 per hour for his time and $110 per hour for his paralegal's time. In support of his hourly rate, Mr. Rossiello submitted his own affidavit and those of other practitioners. Mr. Rossiello stated in his affidavit that he had been awarded hourly fees ranging from $250 to $375 in FLSA cases. The affidavits of the other practitioners stated that they believed $375 per hour was "within the market range," "that Mr. Rossiello's market rate [was] between $375 per hour and $400 per hour," and that "an hourly rate of $375 for services rendered by Mr. Rossiello . . . [was] reasonable and within the current market range." R.26, Ex.H-5, Ex.I-4 and Ex.J-2. Only one affiant, Robin Potter, gave evidence of actual hourly rates awarded for "similar services"; Attorney Potter stated: "I was paid in excess of $350 per hour for my services as plaintiff's counsel in the FLSA cases noted in paragraph 5 . . . ." Id., Ex.H-5.

B.

Micro Warehouse filed a response to Mr. Rossiello's petition in which it objected both to the amounts of time expended and the rate claimed by Mr. Rossiello. With respect to specific time entries, Micro Warehouse argued that the 10.5 hours Mr. Rossiello spent on the fee application was excessive. As well, Micro Warehouse pointed to numerous entries that it believed were inaccurate, duplicative or clerical in nature. With respect to Mr. Rossiello's rate, Micro Warehouse cited several fee decisions by district courts in this circuit to demonstrate that Mr. Rossiello consistently had been awarded hourly fees of less than $375. In reply, Mr. Rossiello addressed Micro Warehouse's arguments concerning the amount of time spent on the fee petition and his hourly rate. However, he did not refute Micro Warehouse's objections to the specific time entries.

C.

In its fee order, the district court "agree[d] with all of the defendant's objections to the specific time entries that it claim[ed] were unnecessary, clerical, or inaccurate." R.30. In doing so, it noted that the plaintiffs had failed to offer any reply to the specific objections. Consequently, the court allowed 9.4 attorney hours and .8 paralegal hours for the merits of

the action. With respect to the fee petition, the district court concluded that 10.5 hours in litigating the fee petition was excessive. Noting that relatively few hours were devoted to the merits of the case, the district court reduced the time allowed for Mr. Rossiello's work on the fee petition to two hours; it did not reduce the 2.1 hours of paralegal time.

The district court also addressed the requested hourly rate. Based on Mr. Rossiello's affidavits and the cases submitted by Micro Warehouse, the district court determined that Mr. Rossiello's market rate was $350 per hour. The court stated that "even this rate seemed a little high"; nevertheless, it was willing to accept the rate "because plaintiffs properly have provided evidence that such are market rates." R.30.

The district court's analysis, therefore, yielded a total fee of $4,280.00: 11.4 hours of Mr. Rossiello's time at $350 per hour and 2.9 paralegal hours at $100 per hour.

II
DISCUSSION

Under the FLSA, prevailing plaintiffs are entitled to reasonable attorneys' fees. See Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995) (citing 29 U.S.C. sec. 216(b)). "District courts have wide discretion in determining the appropriate amount of attorneys' fees and costs; therefore, our review of such determinations is limited to a highly deferential abuse of discretion standard." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). We have explained that "[t]his deferential standard 'is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A.

This court has set forth in detail the analysis that a district court must undertake to determine a reasonable fee in an FLSA case. The district court first must determine the number of hours reasonably expended on the merits of the matter. "[H]ours that an attorney would not properly bill to his or her client in the private sector cannot properly be billed to the adverse party under a fee-shifting statute such as the FLSA." Id. at 552. Thus, plaintiff's counsel should exclude from his or her request excessive, redundant or otherwise unnecessary expenses; in the event counsel does not exercise such judgment, the

district court may reduce the number of hours accordingly. See Hensley, 461 U.S. at 434.

The court then must calculate the number of hours reasonably expended on preparing the fee petition. This court has stated that "[o]ne factor we consider[ ] in determining the reasonableness of those hours [is] the comparison between the hours spent on the merits and the hours spent on the fee petitions." Spegon, 175 F.3d at 554. The relevant inquiry with respect to this determination is "whether the hours claimed to have been expended on the fee request bear a rational relation to the number of hours spent litigating the merits." Id.

Once the district court has applied these principles to determine the appropriate number of attorney hours involved, the court then must determine a reasonable hourly rate. A "reasonable" hourly rate should reflect the "market rate" for the attorney's services, People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996); the market rate is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." Spegon, 175 F.3d at 555 (internal quotation marks and citations omitted). "The burden of proving the 'market rate' is on the fee applicant; however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." Id. at 554-55 (internal citations omitted). The fee applicant can meet his initial burden "either by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards the attorney has received in similar cases." Id. at 556. With these principles in mind, we turn to the district court's methodology in arriving at the fee award in the present action.

B.
1.

We turn first to the district court's evaluation of the hours expended. With respect to the merits of the litigation, the court agreed with Micro Warehouse that many of the entries reflected time that was "unnecessary, clerical, or inaccurate." R.30. It also noted that the plaintiffs had "fail[ed] to offer any point-by-point rebuttal to these specific objections." Id. Consequently, it reduced the attorney hours spent on the merits to approximately half of those requested. On appeal, the plaintiffs have not offered any further rebuttal to Micro Warehouse's objections, and we

therefore shall not revisit the district court's determinations.

The district court next scrutinized the hours expended on the fee petition. The district court found 10.5 hours excessive, given the relatively few number of hours expended on the merits. Instead, the district court believed that two hours was sufficient to prepare a fee request in compliance with the requirements of the local rules.

The district court's determinations were well within its discretion. We have instructed district courts to determine "whether the hours claimed to have been expended on the fee request bear a rational relation to the number of hours spent litigating the merits." Spegon, 175 F.3d at 554. Here the district court believed, given this benchmark, that the submission was excessive; however, it also recognized that some minimum expenditure of time was necessary to prepare a submission that complied with the local rules. The district court, therefore, arrived at two hours as a reasonable number of hours./1 This determination is not out of line with time expenditures that we have upheld in other cases. See id. (upholding district court's reduction of time expended on the fee petition to 1.6 hours); Kurowski v. Krajewski, 848 F.2d 767, 776 (7th Cir. 1988) (approving district court's allowance of 1.6 attorney hours for preparation of the fee petition).

2.

We turn now to Mr. Rossiello's hourly rate. In support of his fees, Mr. Rossiello submitted his own affidavit stating that he had been awarded fees ranging from $250 to $375 per hour. Although Mr. Rossiello submitted affidavits of other practitioners, only Attorney Potter attested to receiving an hourly rate of "in excess of $350 per hour." R.26, Ex.H-5. The other practitioners only offered their opinions concerning the market rate for Mr. Rossiello's services; they did not give any specific evidence of what they had charged their clients for similar services. Here, the district court believed that $350 was "a little too high," but awarded that amount because it believed that hourly fee was supported by the evidence. R.30.

We do not believe that the district court abused its discretion in arriving at this figure. As stated above, fee awards and fees charged by practitioners of comparable skill and experience are probative of an attorney's market rate. See Spegon, 175 F.3d at 556. Although the district court must consider this evidence, it is entitled

to determine the probative value of each submission and must arrive at "its own determination as to a proper fee." People Who Care, 90 F.3d at 1311. The $350 hourly rate is near the top of the range of awards Mr. Rossiello has received from other district courts, see R.26 at 7-10, and it is similar to the awards received by other practitioners of comparable skill and experience in FLSA cases, see R.26, Ex.H-5. Evidence of a higher rate was thin and not well substantiated. There is certainly no basis for an appellate court to disturb the district court's determination.

Conclusion

   The district court followed the methodology set forth by this court for determining the reasonable number of hours expended in the litigation and the appropriate hourly rate. Its findings are supported by evidence in the record. We, therefore, affirm the judgment of the district court awarding the plaintiffs $4,280.00 in attorneys' fees./2
AFFIRMED

/1 The district court did not reduce any of the paralegal hours (2.1) expended on the fee petition.

/2 Micro Warehouse's motion for sanctions is denied.