In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4339

Kimberly Small, et al.,

Plaintiffs-Appellants,

v.

Richard Wolf Medical Instruments Corp.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1345--William J. Hibbler, Judge.

Argued August 8, 2001--Decided August 29, 2001


  Before Ripple, Manion, and Rovner, Circuit
Judges.

  Manion, Circuit Judge.  Plaintiffs
Kimberly Small, Yvonne Schlotzer, and
Ursula Lentz, all former employees of
Richard Wolf Medical Instruments Corp.
("Wolf"), brought this suit alleging that
Wolf failed to pay them overtime in
violation of the Fair Labor Standards Act
("FLSA"), 29 U.S.C. sec. 207. After the
parties reached a consent judgment on the
issue of back wages, the plaintiffs filed
a petition seeking $54,940.87 in
attorney's fees and costs. The court
found both the hourly rate and the number
of hours claimed excessive and instead
awarded $24,288.37. Plaintiffs appeal,
claiming that the district court abused
its discretion in reducing the fees. We
affirm.

  In 1999, Ms. Small, Ms. Schlotzer, and
Ms. Lentz brought suit to recover back
wages and liquidated damages under the
FLSA against Wolf, a manufacturer of
medical instruments. All three claimed
that during their employment they had
worked more than forty hours per week but
were not compensated for overtime as
required by the FLSA. Wolf initially
claimed that the plaintiffs fell under
the administrative employee exception to
the FLSA. In April 2000, however, shortly
before the scheduled trial date but after

completion of a final pre-trial order, jury instructions, and motions in limine, the parties reached a settlement as to overtime wages. Ms. Small received $2,539.90, Ms. Schlotzer $3,589.97, and Ms. Lentz $6,122.22. The court awarded double damages to each plaintiff in accordance with the FLSA's liquidated damages provision, 29 U.S.C. sec. 216(b). The only remaining issue, then, was the plaintiffs' attorney's fees.

   Plaintiffs' counsel in this case, Ernest T. Rossiello, has previously appealed fee awards to this court. See, e.g., Connolly v. National School Bus Serv., 177 F.3d 593 (7th Cir. 1999) (affirming reduction of Rossiello's hourly fee from $320 to $285); Uphoff v. Elegant Bath, Ltd., 176 F.3d 399 (7th Cir. 1999) (affirming reduction of Rossiello's hourly fee from $320 to $280); Spegon v . Catholic Bishop of Chicago, 175 F.3d 544 (7th Cir. 1999) (affirming reduction of Rossiello's hour ly fee from $320 to $280). In the present motion for attorney's fees submitted to Judge Hibbler on June 9, 2000, Rossiello sought an hourly rate of $425 for 111 hours of work. He also sought compensation for 10.4 hours spent by his staff, at rates of $260 per hour for Lara A. Walicek, an attorney with eight years' experience who was also a certified public accountant; $230 an hour for Sheni Hajat, an attorney with five years' experience; $137.50 an hour for Joanna M. Kielczewski, an attorney with one year's experience; and $120 an hour for Dina Cavico, a paralegal with 10 years' experience.

   Attorney Rossiello alleged that neither he nor his firm had any clients who pay on an hourly basis, but that he collects all his fees on a contingency basis or through court award. To substantiate his requested hourly rate, Rossiello attached to his motion numerous fee awards he obtained in other employment (though not all FLSA) cases ranging from $250 to $375 per hour. Also attached to the motion were affidavits from three Chicago attorneys attesting, based on their familiarity with the rates charged in employment-related cases, to the reasonableness of the requested rates. To substantiate his billable hours, Rossiello attached typed time records for himself and each staff member.

Wolf submitted a detailed response to the plaintiffs' motion, challenging both the hourly rate and the number of hours claimed. With respect to the hourly rate, Wolf argued that $425 was not Rossiello's "market rate," because the highest rate he had ever been awarded, as indicated by the cases he himself attached to his motion, was $375 an hour. The affidavits submitted by Rossiello were "disingenuous" and "irrelevant," Wolf argued, because they failed to distinguish between the hourly rate for attorneys engaged in FLSA overtime cases and hourly rates for attorneys engaged in more complex civil rights litigation. Relying on several recent cases in which Rossiello's fee awards ranged from $280 to $300, Wolf suggested an hourly rate of $300 for Rossiello and accordingly lower rates for his staff.

Wolf also attacked the number of hours Rossiello claimed he expended on the litigation, raising several overarching complaints, including that Rossiello had created unnecessary work in the case, had billed for tasks that were not properly compensable, and had inflated the time expended on certain projects. Wolf also provided a five-page chart outlining specific objections to many individual entries in Rossiello's time sheets.

In their reply, plaintiffs asserted that their motion for attorney's fees should be granted in its entirety, notwithstanding Wolf's "ad hominem remarks attacking counsel." They asserted that Wolf failed to present any evidence that $425 was not Rossiello's market rate. Plaintiffs did not submit line-by-line responses to the detailed objections in Wolf's five-page chart, but instead stated that "there are no unnecessary or unreasonable hours included."

After the motion was fully briefed, counsel for Wolf sent a letter to the court with two recent decisions involving Rossiello's fees in the Dormeyer v. Comerica Bank litigation, 223 F.3d 579 (7th Cir. 2000) (affirming reduction of Rossiello's fees and ordering him to show cause why he should not be sanctioned for filing frivolous appeal), and 226 F.3d 915 (7th Cir. 2000) (imposing $10,000 sanction against Rossiello), which he asserted might be relevant to the court's

determination. Plaintiffs responded with a one-page motion requesting an evidentiary hearing on the fee application "to determine the relevancy, if any, and the applicability, vel non, of these opinions." The court denied the motion "for reasons stated in open court" (these reasons are not disclosed in the record)./1

The district court concluded that both the hours and hourly rate claimed by Rossiello were excessive. Citing a number of examples of what it believed to be excessive billings, the court reduced Rossiello's hours from 111 to 66, but did not reduce the hours of his staff. The court also found that $425 was not in fact Rossiello's market rate and was "unreasonable for a case which is neither novel nor complex." The court found that a rate in excess of $400 "is not consistent with the rates charged by attorneys engaged in FLSA cases in this market." The court considered the affidavits submitted by Rossiello but determined that they were "unpersuasive," because they did not differentiate between rates charged for FLSA cases and rates charged for more complex employment discrimination cases. Based on the "non-complex" issue presented in the case, as well as Rossiello's prior fee history, the court determined that $300 was a reasonable hourly rate. Consistent with this reduction of lead counsel's rate, the court reduced the rates of supporting counsel and staff to $200 for attorney Walicek, $170 for attorney Hajat, and $90 for paralegal Cavico. The court did not reduce attorney Kielczewski's $137.50 rate. Plaintiffs timely filed their notice of appeal.

On appeal, plaintiffs raise three arguments: (1) that the court abused its discretion in reducing Rosiello's hourly rates and those of his staff; (2) that the court failed to provide a proper explanation for its reduction of the hours claimed (which the plaintiffs have computed as a 40% reduction); and (3) that the district court abused its discretion in refusing to grant the request for an evidentiary hearing.

Prevailing plaintiffs, which may include plaintiffs who favorably settle their cases, are entitled to reasonable attorney's fees under the FLSA. 29 U.S.C.

sec. 216(b); Batt v. Micro Warehouse, Inc., 241 F.3d 891, 893 (7th Cir. 2001); Connolly, 177 F.3d at 595. There is no dispute here that the plaintiffs "prevailed"; the only issue is whether the fee award was reasonable. The district court has wide discretion in determining attorney's fees under the FLSA, and appellate review is thus limited to the highly deferential abuse of discretion standard. Batt, 241 F.3d at 893. "This deferential standard is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters." Id. (citations and internal quotation marks omitted).

To determine fees under the FLSA, the district court will generally follow the "lodestar" approach, multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. Uphoff, 176 F.3d at 407. A reasonable hourly rate should reflect the attorney's market rate, defined as "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." Id. (citations and internal quotation marks omitted). The attorney is entitled to his market rate and not some "medieval just price" determined by the court. See In re Continental Illinois Securities Litigation, 962 F.2d 566, 568 (7th Cir. 1992).

The fee applicant bears the burden of proving the market rate. Uphoff, 176 F.3d at 407. The attorney's actual billing rate for comparable work is considered to be the presumptive market rate. If, however, the court cannot determine the attorney's true billing rate--such as when the attorney maintains a contingent fee or public interest practice--the applicant can meet his or her burden by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work, or by submitting evidence of fee awards that the applicant has received in similar cases. Id. Once the fee applicant has met his or her burden, the burden shifts to the defendants to demonstrate why a lower rate should be awarded. Id.

Rossiello stated that he has no fee-paying clients and, therefore, no billing rate that can be presumed to be his market rate. Although the district court must consider submitted evidence of the hourly rates of attorneys with comparable experience, the court is "entitled to determine the probative value of each submission and must arrive at its own determination as to a proper fee." Batt, 241 F.3d at 895. Here, the district court determined that the affidavits submitted by Rossiello were of limited probative value because they failed to distinguish between employment-related civil rights litigation and FLSA overtime cases. In Spegon, we explicitly pointed out the limitations of an affidavit submitted by Rossiello that listed cases (several involving non-FLSA claims) in which he claimed he was awarded high market rates. "Hourly rates awarded in non-FLSA overtime cases are not particularly relevant as evidence of Rossiello's market rate in this case because the reasonable hourly rate is capped at the prevailing market rate for attorneys engaged in FLSA work." Spegon, 175 F.3d at 555 n.6. Judges in the Northern District have also noted that FLSA cases are less complex than Title VII and other employment-related civil rights litigation. See, e.g., Shea v. Galaxie Lumber & Constr. Co., No. 94 C 0906, 1997 U.S. Dist. LEXIS 1217 at *16-17 (N.D. Ill. 1997) (counsel's actions in attaching fee awards from Title VII actions to determine fees in FLSA case was "disingenuous given the differences in complexity between FLSA claims and Title VII claims."), vacated on other grounds, 152 F.3d 729 (7th Cir. 1998); Holyfield v. Quinn & Co., No. 90 C 507, 1991 U.S. Dist. LEXIS 5293 at *1 (N.D. Ill. 1991) ("Issues under the FLSA are not unusually complicated or beyond the capability of an attorney of average ability.").

Moreover, the affidavits submitted by the plaintiffs were "neutralized" by the evidence submitted by Wolf showing that Rossiello recently had been awarded rates of $280 and $300 for work in similar cases. See Connolly, 177 F.3d at 595; Uphoff, 176 F.3d at 407; Spegon, 175 F.3d at 554. We thus conclude that the district court acted within its discretion in awarding the $300 hourly

rate. This case is inapposite to the cases cited by the plaintiffs in which the court rejected uncontroverted evidence of the attorney's market rate. See, e.g., Eddleman v. Switchcraft, 965 F.2d 422, 425 (7th Cir. 1992) (court abused discretion in employment discrimination case by awarding $60 hourly rate equivalent to that given attorneys appointed under the Criminal Justice Act rather than attorney's "market rate").

Plaintiffs next argue that the court abused its discretion in reducing Rossiello's billable hours. In determining the reasonable number of hours, the court should exclude hours that are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). This is a factual determination that depends heavily on the district court's greater familiarity with the case and thus is given "great deference" on appeal. Uphoff, 176 F.3d at 409. The district court must, however, provide a "concise but clear explanation of its reasons" for any reduction. Id. In other words, the court cannot simply "eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court." People Who Care v. Rockford Bd. of Educ, 90 F.3d 1307, 1314 (7th Cir. 1996) (citations and internal quotation marks omitted).

It is notable that Rossiello attributes 111 hours of work performed by him personally but only a total of 10.4 hours for his three subordinate attorneys. At oral argument, he insisted his expertise was required because the case was more complex than the district court determined. But it is understandable that the judge would assume that much of the more routine work would be delegated to competent attorneys in the firm who charge at a much lower hourly rate. Here, the district court provided a two-paragraph explanation of its reasons for reducing the hours. The court offered a general explanation for the reduction, namely, that the hours were excessive for a "self-proclaimed highly experienced FLSA attorney" in a case which the court found was "neither novel nor complex." The court spotlighted certain billings that it characterized as "excessive," and although the court does not elaborate,

the submissions on which it focused seem questionable. For instance, the claimed 12 hours for the fee petition appears excessive, given that this court recently affirmed a reduction from 9.9 hours to 1.6 hours for time Rossiello spent preparing a fee petition in a similar FLSA case. See Uphoff, 176 F.3d at 411. We note that while Uphoff and two earlier cases settled on 1.6 hours for preparing a request for attorney's fees, that is not an automatic fixed rate for such a request. But the reduction in this case is not an abuse of discretion.

Other than citing these and a few other examples, the court does not provide a detailed explanation of how it arrived at the 66-hour figure. Although the court does not say so, the court appears to have simply accepted wholesale Wolf's objections; the court adopted without elaboration the 66-hour figure suggested by Wolf. As in Uphoff, we conclude that the district court's explanation for reducing the hours claimed was "limited but sufficient." See Uphoff, 176 F.3d at 409 (explanation sufficient where district court found time spent on summary judgment motion excessive given simplicity of the subject matter and the quality of the motion). This is not a case in which the court simply "eye-balled" the petition and reduced the award by an arbitrary percentage, People Who Care, 90 F.3d at 1314, nor is it a case in which the reasons for the reduction are not apparent from the record, Hutchison v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1047 (7th Cir. 1994). We therefore affirm the district court's reduction of the billable hours.

Last, we conclude that the district court did not err in declining to conduct an evidentiary hearing on the fee petition. The plaintiffs made their request for a hearing only to determine the relevance of the Dormeyer decisions, not to respond to any particular objection raised by Wolf. The court agreed with the plaintiffs that these opinions had "no bearing" on the case. Further, the cases on which plaintiffs rely to support their request for an evidentiary hearing are distinguishable, because in those cases the party seeking fees was not given an opportunity to respond to the reasons for the reduction.

See Spellan v. Board of Educ., 59 F.3d 642, 646 (7th Cir. 1995); Hutchison, 42 F.3d at 1048. Here, conversely, Wolf raised a multitude of specific objections to the fee petition and the plaintiffs had ample opportunity to respond. Nothing in the court's order suggests that the court devised additional reasons sua sponte to reduce the fee award without giving plaintiffs an opportunity to respond.

   The judgment of the district court is AFFIRMED.

FOOTNOTE

/1 Plaintiffs' appellate brief, however, characterizes the district court as stating that the Dormeyer decisions "had no relevance."