In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-3705

DANIELLE PICKETT,

*Plaintiff-Appellant,*

*v.*

SHERIDAN HEALTH CARE CENTER,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 07 CV 01722 — **Manish S. Shah**, *Judge*

ARGUED SEPTEMBER 21, 2015 — DECIDED FEBRUARY 16, 2016

Before POSNER, WILLIAMS, and SYKES, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Danielle Pickett filed a Title VII retaliation lawsuit against her employer Sheridan Health Care Center. Ernest T. Rossiello & Associates represented her. After a two-day trial, the jury awarded Pickett $65,000 in damages. She then filed a motion for attorney's fees. The dis-

trict court granted in part and denied in part the motion, finding, among other facts, that the hourly market rate for Rossiello's services was $400, not the $540–$620 that was requested. Pickett appealed the award of attorney's fees, arguing that the $400 hourly rate was arbitrarily decided and erroneously reduced based on the existence of a contingent fee agreement between Pickett and Rossiello, among other improper factors. The appeal was successful. We concluded that the district court erred by making impermissible considerations when calculating the hourly rate. We vacated the reward and remanded for further proceedings. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632 (7th Cir. 2011).

On remand, the district court determined that the evidence supported a $425 hourly rate for Rossiello and awarded fees based on that hourly rate. It also determined that the claim to attorney's fees for the work done on remand had been waived. Pickett appealed, arguing that the district court failed to rely on the district court's pre-remand factual findings and erroneously relied on a case that was wrongly decided. This time, we disagree. We find no legal error or abuse of discretion, and therefore, affirm the district court's fee award.

## I.  BACKGROUND

This appeal stems from harassment and retaliation claims brought by Danielle Pickett in 2007 under Title VII of the Civil Rights Act of 1964. Pickett worked as a housekeeper at the Sheridan Health Care Center, a nursing home. She alleged that residents of the nursing home sexually harassed her and that Sheridan fired her for complaining about it. Sheridan won summary judgment on the harassment claim, but the retaliation claim went to trial. At trial, Pickett prevailed on the

retaliation claim and was awarded $65,000. We affirmed this judgment in *Pickett v. Sheridan Health Care Center*, 610 F.3d 434 (7th Cir. 2010) ("*Pickett I*").

A year after the trial, but before we affirmed the judgment in *Pickett I*, Pickett filed a motion for attorney's fees, which was stayed because of the pending appeal. The motion sought fees for work done by her attorney Ernest Rossiello and his associates and paralegals. The motion did not request pre-judgment interest. Following *Pickett I*, the district court lifted the stay, and Pickett renewed her motion to include additional hours accumulated. Pickett also sought reimbursement for an associate working under Rossiello's supervision while Rossiello was suspended from practice[1] as well as fees paid to outside counsel. Again, the motion did not request pre-judgment interest.

On March 29, 2011, the district court granted in part and denied in part Pickett's motion for fees. Relevant to this appeal, the district court determined that Rossiello's market rate was $400 per hour and that 175 hours of the approximately 225 hours submitted were proper. The district court excluded hours it found duplicative and hours accumulated while Rossiello was suspended from practice. Pickett appealed the fee award. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632 (7th Cir. 2011) ("*Pickett II*").

In *Picket II* we vacated the $400 per hour fee award. We found that the district court improperly calculated the rate for

---

[1] Rossiello was suspended from the practice of law twice during this lawsuit, once from February 2008 to June 2008 and also from October 2011 to July 2012.

several reasons. First, the district court relied on the Consumer Price Index and the Laffey Matrix (collectively, "price indexes") in its calculations, evidence that neither party provided nor was given an opportunity to address. Second, the district court considered the fact that Rossiello would receive a contingency fee in addition to the court ordered fees, which we found to be an impermissible consideration. Third, the district court improperly disregarded evidence of Rossiello's hourly rate in cases where the defendant did not contest the fee award. We also found the district court erred in declining to award fees to an outside counsel because they were not prepaid. Finally, we determined that the district court failed to provide a clear explanation of the basis of its hourly rate calculation. We vacated and remanded the case for the district court to recalculate the hour rate and attorney fee award in light of our opinion. *Pickett II*, 664 F.3d at 654–55.

Following remand, in January 2012, Pickett filed a motion for attorney's fees on remand. The motion requested fees for the life of the case and for the first time requested prejudgment interest. The case was transferred to several judges before the district court ruled on the motion and issued the fee order that is the subject of this appeal on November 13, 2014.

The district court determined that as of November 2014, Rossiello's current market hourly rate was $425 per hour. The court considered Pickett's evidence of prior fee awards Rossiello received and affidavits from other attorneys who have practiced employment law as long as Rossiello and charged $450–$745 per hour for employment discrimination work. The district court considered the affidavits but did not find that they established Rossiello's rate because each affiant's reputation was not similar to Rossiello's, i.e., they did not

have a disciplinary history similar to Rossiello's. The district
court noted that Rossiello did work that many litigators with
his experience would assign to younger associates who bill at
a cheaper rate, suggesting that the market rate for that work
would be lower. The affidavits suffered from other infirmities
that led the district court to find that they were not sufficient
to establish Rossiello's hourly rate. The district court also re-
viewed Rossiello's prior fee awards in cases Sheridan submit-
ted for consideration, including a recent decision finding that
Rossiello's rate in another employment case was $425, *see
Johnson v. GDF, Inc.*, No. 07 CV 3996, 2014 WL 463676, at *21
(N.D. Ill. Feb. 5, 2014), and recent awards in similar civil rights
cases tried by similarly experienced attorneys. It also re-
viewed the Consumer Price Index.

Next, the district court ordered payment for the hours al-
ready approved by the district court prior to *Pickett II* at the
rate of $425 per hour. The district court then considered sev-
eral requests by Pickett to increase the hours for which Rossi-
ello would be compensated. The district court approved the
time requested for Rossiello's work on *Pickett II*, less the time
spent on administrative tasks. The district court also awarded
prejudgment interest as to the *Pickett II* fees because Pickett
had timely requested it. The district court rejected additional
hours submitted for paralegal and associate work completed
in preparation for trial because the hours were not included
in the pre-*Pickett II* fee applications. The district court also
found that any claim for prejudgment interest as to fees in-
curred before *Pickett II* was waived because prejudgment in-
terest on those fees was not requested until after remand. It
also found that the following statement made in the reply to
the motion for attorney's fees on remand waived any claim
for fees incurred to adjudicate the motion for attorney's fees

on remand: "Counsel does not seek any reimbursement for time spent while suspended or on the instant motion." The court noted that even if it did not find the claim for fees on remand waived, it would have exercised its discretion and denied the fees because Pickett abandoned key issues identified in *Pickett II*, raised arguments and added time that could have been put before the court prior to *Pickett II*, and "submitted unsolicited and irrelevant supplemental authority," all of which was not a good use of the court's time. Pickett now appeals the second fee order.

## II. ANALYSIS

On appeal, Pickett again primarily challenges the district court's determination of the proper hourly rate for Rossiello's services. Specifically, Pickett argues that the district court: (1) exceeded the scope of the *Pickett II* remand by disregarding the three affidavits submitted in support of Rossiello's hourly rate; (2) erred by considering the hourly rate the district court awarded Rossiello in a different case to determine the proper hourly rate in Pickett's case; (3) erred by denying her request for prejudgment interest on the attorney fee award; and (4) erred by denying the request for attorney's fees for services rendered after *Pickett II*. We review an award of attorney's fees for abuse of discretion. *Pickett II*, 664 F.3d at 639. We review de novo any legal analysis that is part of the district court's decision. *Jaffee v. Redmond*, 142 F.3d 409, 412–13 (7th Cir. 1998); *see also Pickett II*, 664 F.3d at 639.

Pickett argues that the district court exceeded the scope of the remand by re-evaluating all of the evidence, the affidavits in particular, and finding Rossiello's disciplinary history relevant. In *Pickett II*, because of the district court's errors, "we vacate[d] the award of attorneys' fees for Rossiello's services,

and we remand[ed] for further proceedings consistent with th[e] opinion." 664 F.3d 654–55. We noted that we remanded the case "to give the district court an opportunity to reevaluate the evidence consistent with our conclusions." *Id.* at 647. We also noted that our view of the evidence was that substantial evidence supported rates much lower than the ones Rossiello requested and some evidence supported the rates requested. *Id.* at 646. We instructed the district court to re-determine Rossiello's reasonably hourly rate without considering the contingent fee. *Id.* at 640, 645. We further instructed the district court to allow the parties to comment on whether and how the price indexes should be used to determine Rossiello's reasonable hourly rate. *Id.* at 651. "[T]he general rule [is] that upon a reversal and remand for further consistent proceedings the case goes back to the trial court and there stands for determination of the issues presented *as though they had not been determined before,* pursuant, of course, to the principles of law enunciated in the appellate court's opinion which must be taken as the law of the case at the new trial." *Graefenhain v. Pabst Brewing Co.,* 870 F.2d 1198, 1207 (7th Cir. 1989).

On remand, the district court followed our *Pickett II* instructions. It did not consider the contingent fee. The parties had the opportunity to comment on the applicability of the price indexes. The district court considered evidence of Rossiello's fee awards in other cases and did not consider independent evidence. It also explained its fee determination. Thus, the district court acted within the scope of the remand. Moreover, we did not limit the district court's review of the evidence, so the district court did not exceed the scope of the remand by re-evaluating the evidence. The district court was free to reconsider the affidavits and afford them whatever weight it deemed appropriate. *See Pickett II,* 664 F.3d at 646 ("A

district court 'is entitled to determine the probative value of each evidentiary submission.'" (quoting *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 895 (7th Cir. 2001))); *accord Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) ("Although the district court must consider submitted evidence of the hourly rates of attorneys with comparable experience, the court is 'entitled to determine the probative value of each submission and must arrive at its own determination as to a proper fee.'"). And we also find that the district court's determination was reasonable, so there was no abuse of its discretion.

To the extent Picket argues the district court erred by considering Rossiello's disciplinary history in determining a reasonable hourly rate for him, we disagree. Since Rossiello's work is based on a contingent fee, "the Supreme Court and this court have instructed courts to rely on the hourly rates that attorneys of comparable skill, experience, and reputations charge for similar work." *Pickett II* at 641. Disciplinary action has an impact on the lawyer's reputation. *See, e.g.*, *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1352 (Fed. Cir. 2003) (reviewing a district court's reprimand of a lawyer in an order, noting that "a judicial reprimand is likely to have [a seriously adverse effect] upon a lawyer's reputation and status in the community and upon his career"). Since discipline is a factor in a lawyer's reputation and the court had to consider Rossiello's reputation in calculating his hourly rate, the district court did not err by considering Rossiello's disciplinary history.

Pickett's remaining arguments warrant just a short discussion. She argues that the district court was not permitted to consider the hourly rate the district court decided represented

a reasonable rate for Rossiello's services in *Johnson v. GDF*, No. 07-CV-03996, 2014 WL 463676 (7th Cir. Feb. 5, 2014) because, in her view, it was erroneously decided. Although the *Johnson* plaintiff initially appealed that order, the parties settled and requested that we dismiss the appeal, which we did. "[B]y agreeing to a settlement the parties to an appeal renounce the right to challenge the decision that was appealed." *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994)). Further, the order was not vacated.

We typically do not vacate district court orders merely because the parties settled on appeal because at the time the district court entered its order, it had a live controversy before it, "and, while not binding on anyone, [the district court's] reasoning may be helpful to other courts to the extent that it is persuasive." *Clark Equip. Co. v. Lift Parts Mfg. Co. Inc.*, 972 F.2d 817, 820 (7th Cir. 1992). The order was helpful to the district court here. Rossiello represented the plaintiff in *Johnson*, which was also an employment case.[2]

We have said, "a previous attorney's fee award is useful for establishing a reasonable market rate for similar work." *Pickett II*, 664 F.3d at 648. So, the district court was acting in accordance with the principles outlined in *Pickett II* when it considered Rossiello's fee award in *Johnson*. The district court did not err by considering, as part of its analysis, Rossiello's hourly rate as determined in *Johnson*. *See Small*, 264 F.3d at 708

---

[2] The parties indicate that the affidavits submitted here are the same ones used in *Johnson*.

(finding no abuse of discretion where the district court considered Rossiello's fee award in similar cases to determine Rossiello's hourly rate in *Small*).

Pickett next argues that Rossiello is entitled to prejudgment interest on her attorney's fee award because she was not awarded fees based on Rossiello's current hourly rate. She also maintains that she did not waive a claim to prejudgment interest by failing to request prejudgment interest before remand because prejudgment interest is presumptively awarded. We review a district court's decision on whether to award prejudgment interest for abuse of discretion. *Shot v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 338 F.3d 736, 745 (7th Cir. 2003).

Prejudgment interest "is simply an ingredient of full compensation that corrects judgments for the time value of money." *Matter of P.A. Bergner & Co.*, 140 F.3d 1111, 1123 (7th Cir. 1998). "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.* 325 F.3d 924, 935 (7th Cir. 2003). The decision to award prejudgment interest lies within the discretion of the district court. *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d 790, 799 (7th Cir. 1993). But, "[p]rejudgment interest should be presumptively available to victims of federal law violations," *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989), "unless there is a sound reason not to do so," *Matter of Milwaukee Cheese Wis., Inc.*, 112 F.3d 845, 849 (7th Cir. 1997). We have said that if a plaintiff has failed to plead prejudgment interest relief in her complaint, the plaintiff must request prejudgment interest, at the latest, in a post-trial motion or else it is waived.

*See Brooms v. Regal Tube Co.*, 881 F.2d 412, 424 n.9 (7th Cir. 1989), *overruled in part on other grounds by Saxton v. Am. Tel. & Tel. Co.*, 10 F.3d 526, 533 & n.12 (7th Cir. 1993). We have found no abuse of discretion where a district court has denied a party's request for prejudgment interest that was made for the first time after a remand and a second entry of judgment. *See McKnight v. Gen. Motors Corp.*, 973 F.2d 1366, 1373 (7th Cir. 1992). The district court determined that the request for prejudgment interest for the portion of the original fee petition that remained due was untimely. Pickett admits that she did not request prejudgment interest before *Pickett II*,[3] and she did not request it in her complaint. We find no abuse of discretion as to the prejudgment interest finding in light of the untimely request.

Moreover, courts must base attorney's fees awards on "the market rate for services rendered." *Smith v. Vill. of Maywood*, 17 F.3d 219, 221 (7th Cir. 1994) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989)). Since payment for services in civil rights litigation often comes by court order years after the services were performed, the court must account for the delay in payment of attorney's fees. *Id.* To account for the delay, a district court has the discretion to choose one of two methods to calculate the fee award. *Id.* It may calculate the fee award for services rendered in prior years using the attorney's current hourly billing rate. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 744–45 (7th Cir. 2003). Or it may also calculate the fee award using the hourly rate the lawyer charged at the time

---

[3] The district court found that "Rossiello did not seek prejudgment interest during the first round of litigation over the fee petition." On appeal, Pickett conceded that the district court "correctly stated that prejudgment interest had not been requested early on."

the lawyer performed the services for the client (the "historical rate") and add interest to that amount. *See id.* Since the district court awarded fees based on Rossiello's current hourly rate, not the historical rate, no interest was due on the $425.

Pickett's last argument is that the district court erred by finding that she waived her claim for attorney's fees incurred for pursuing fees on remand. She asserts on appeal that she did not intend to waive any fees for the fee motion. However, in her reply to her motion for attorney's fees on remand, Pickett stated, "Counsel does not seek any reimbursement for time spent while suspended or on the instant motion." In light of this assertion, the district court found that she waived her claim to fees for pursuing fees on remand. We agree. A plain reading of the statement is that Pickett's counsel did not intend to seek fees for the work done in connection with the motion for attorney's fees on remand. So, Pickett waived her claim to attorney's fees.

## III.  CONCLUSION

For the reasons stated, we AFFIRM the district court.