**Charles MURPHY, Plaintiff–Appellee,**

**v.**

**Robert SMITH and Gregory Fulk, Defendants–Appellants.**

No. 15-3384

United States Court of Appeals, Seventh Circuit.

Submitted February 15, 2017

Decided July 24, 2017

584

Fabian John Rosati, Attorney, Law Office of Fabian J. Rosati, Chicago, IL, for Plaintiff–Appellee.

Mary Ellen Welsh, Attorney, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for Defendants–Appellants.

Before BAUER, MANION, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This appeal is before us once more, this time not on the merits but on plaintiff Charles Murphy's petition for an award of attorney fees on appeal as a prevailing party pursuant to 42 U.S.C. § 1988(b). We deny the petition. Plaintiff prevailed on only one issue on appeal, an issue of only state law that could not have affected the judgment in his favor on federal-law claims that allowed a fee award. He lost on the federal matters at issue on appeal. While he remains a prevailing party in the lawsuit as a whole, a fee award on this appeal is not justified.

Our decision on the fee petition depends on the course and result of the appeal on the merits. We explained the facts in our earlier opinion, *Murphy v. Smith*, 844 F.3d 653 (7th Cir. 2016). To summarize, plaintiff Murphy is an Illinois prisoner. He filed this suit under Illinois state law and 42 U.S.C. § 1983 against several prison guards, including appellants Robert Smith and Gregory Fulk. Murphy alleged that the guards punched him, choked him, threw him head-first against a cell toilet, and left him without medical care. *Id.* at 655–56.

Murphy divided those allegations into six claims: (1) a federal Eighth Amendment claim for unconstitutional use of force and (2) a state-law battery claim regarding the punch; (3) a federal Eighth Amendment claim for unconstitutional use of force and (4) a state-law battery claim regarding the choking and throwing; (5) a federal Eighth Amendment claim for failure to intervene to prevent federal constitutional violations; and (6) a federal Eighth Amendment claim for deliberate indifference to serious medical needs.

Murphy prevailed on four of those claims in a jury trial. The jury found in his favor and against Officer Smith on both the federal and state claims for the punch. The jury also found for Murphy and against Smith on the state-law battery claim for choking him and throwing him into the cell and against the toilet, but against Murphy on the federal claim for those same actions. And the jury found for Murphy on his Eighth Amendment claim against Lieutenant Fulk for deliberate indifference to his medical needs after he was injured.

The jury awarded a total of about $410,000 in compensatory and punitive damages. The court later reduced the total to $307,734.82. The court also awarded Murphy attorney fees and costs totaling $110,643.66 under 42 U.S.C. § 1988(b). The court interpreted a provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(2), as giving the court discretion in deciding what percentage, up to twenty-five percent, of the judgment should be used to pay attorney fees, and the court set that percentage at ten percent. *Murphy v. Smith*, No. 12-cv-0841-SCW, 2015 WL 13236780, at *1, *5 (S.D. Ill. Sept. 25, 2015).

Defendants Smith and Fulk appealed and challenged just two separate aspects of the district court judgment. First, defendants argued that the Prison Litigation Reform Act required that fully twenty-five percent of the damages award be put toward the attorney fee award. Second, defendants argued that state-law sovereign immunity barred Murphy's recovery on his state-law claims. As a practical matter, the only part of the judgment implicated by this argument was an award of $25,501 against Smith on the state-law battery claim for the choking and throwing. That was the claim on which the jury rejected the parallel federal constitutional claim.

We ruled in the defendants' favor on the PLRA issue. *Murphy*, 844 F.3d at 660–61. (Murphy has filed a petition for certiorari on that issue, as to which circuits seem to be divided. See Petition for Writ of Certiorari, *Murphy v. Smith*, No. 16–1067 (U.S. Mar. 2, 2017).) We ruled in Murphy's favor on the question of state-law sovereign immunity for the state-law claims. *Murphy*, 844 F.3d at 660. Murphy then petitioned this court for attorney fees for his counsel's work on appeal.

In 1976, Congress enacted the Civil Rights Attorney's Fees Awards Act, adding language that is now in 42 U.S.C. § 1988(b). The statute allows courts to award prevailing parties reasonable attorney's fees in "any action or proceeding to enforce a provision of" 42 U.S.C. § 1983.

This fee-shifting law is designed to ensure "effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), quoting H.R. Rep. No. 94–1558, at 1 (1976). The law encourages plaintiffs to act as private attorneys general to enforce federal rights, and particularly federal constitutional rights, especially where the economics of litigation would otherwise discourage even meritorious suits. See S. Rep. No. 94–1011, at 2–3 (1976), as reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

■ When a plaintiff prevails in a suit under § 1983, a court should award a reasonable attorney fee, which is calculated by determining a lodestar amount and multiplying the attorney's hours on the case by a reasonable hourly rate. That lodestar amount may then be adjusted for a variety of reasons, including the results obtained. *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933; see also, e.g., *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (explaining lodestar method and permissible adjustments); *Johnson v. GDF, Inc.*, 668 F.3d 927, 929–30 (7th Cir. 2012) (same). The Prison Litigation Reform Act also imposes limits on fee awards in § 1983 cases where the prevailing plaintiff is a prisoner. 42 U.S.C. § 1997e(d).

■ Fee issues under § 1988 can become fairly complex in cases like this one, where the plaintiff has asserted several distinct claims under both federal and state law against several defendants, and where the plaintiff prevails on some but not all claims. *Hensley* offers broad guidance for such problems. Work on an unsuccessful claim that is unrelated to the successful claim would not be covered. 461 U.S. at 434–35, 103 S.Ct. 1933. Where claims are closely related, however, a plaintiff who obtains excellent results should recover a fully compensatory fee even if he did not prevail on every contention in the lawsuit or if a court rejected or did not reach certain grounds supporting the excellent result. *Id.* Where the plaintiff achieves only partial or limited success, the court must use its equitable judgment to adjust the fee award to account for limited success. *Id.* at 436–37, 103 S.Ct. 1933; accord, e.g., *Sommerfield v. Chicago*, 863 F.3d. 645, 649–51, 2017 WL 2962243, at *3–4 (7th Cir. July 12 2017) (affirming fee adjusted to account for limited success).

■ For the work done in the district court, the district court worked out most of those complications in its substantial fee award, and neither side appealed on those issues. See *Murphy*, 2015 WL 13236780, at *2–5. Our focus is on this appeal, where the fee issues are simpler. There were two elements to this appeal on the merits. One was the federal issue under the Prison Litigation Reform Act on which Murphy lost. The other was the state-law sovereign immunity issue on which Murphy prevailed. A fee award would not be justified as to either part of the appeal.

Consider first the federal issue under the PLRA. Murphy did not prevail on that issue in the appeal. His loss reduced his overall degree of success; more of the judgment will go to pay attorney fees, effectively reducing the judgment's benefits for Murphy. We must account for that result in awarding fees. See *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933 (emphasizing the need to adjust a fee award to account for "the degree of success obtained"); cf. *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 237–38 (5th Cir. 1990) (district court did not abuse discretion in awarding fees for unsuccessful appellate work, where party went on to win at trial and become "prevailing party in all respects"); *Ustrak v. Fairman*, 851 F.2d 983, 990 (7th Cir.

1988) (allowing fees for, on appeal, "defending with substantial although not complete success a district court's judgment in his favor"). Because the district court has already compensated all of Murphy's counsel's successful work—awarding a fee reasonable enough that neither side appealed it—we do not think it appropriate to award fees for his unsuccessful appellate work on his federal claims.

■ The other part of this appeal was the state-law issue of sovereign immunity. On this issue, Murphy prevailed. Since the defendants did not appeal the damages awarded under § 1983, this sovereign immunity issue had practical implications only for the battery claim against Smith for injuries caused by his choking Murphy and throwing him head-first into the toilet in the cell. That's because the $25,501 in damages awarded on that claim were awarded only under state law. The jury found in Smith's favor on the federal claim for those actions. See *Murphy v. Smith*, No. 12-cv-0841-SCW, 2015 WL 13236221, at *4–5 (S.D. Ill. Sept. 25, 2015) (explaining why those two verdict answers were not inconsistent).[1]

Section 1988 does not directly authorize fees for pursuing state-law claims. But plaintiffs often pursue in one suit claims for which federal law authorizes fees and claims for which it does not. See, e.g., *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 542 (7th Cir. 1986) (employee's suit alleged that workplace harassment violated both Title VII of the Civil Rights Act and the Wisconsin Fair Employment Act). We have analogized that situation to cases in which a plaintiff pursues multiple claims and succeeds on only some of them. *Id.* at 551. *Hensley* explained how to handle those cases. It described two categories of cases: cases in which counsel's work on the successful claim is unrelated to her work on another claim because of differences between the underlying facts or legal theories, and cases in which counsel's time is "devoted generally to the litigation as a whole" because the plaintiff's claims are based on "a common core of facts" or "related legal theories." 461 U.S. at 434–35, 103 S.Ct. 1933.

■ In the latter situation, trying to separate out which legal services were rendered with respect to which claim can be "an exercise in futility." *Garrity v. Sununu*, 752 F.2d 727, 735 (1st Cir. 1984); see also *Richardson v. Chicago*, 740 F.3d 1099, 1103 (7th Cir. 2014). Courts therefore need not attempt the task: if a plaintiff succeeds

---

1. All other damages awarded for Murphy's other injuries—for the punch to his eye and the deliberate indifference to his medical needs—were supported by federal law on grounds that were independent of the defendants' sovereign immunity theory. Even if the defendants had prevailed on state-law sovereign immunity, that could not have undermined the federal-law foundation for the damages awarded for those other injuries. See *Duran v. Town of Cicero*, 653 F.3d 632, 640 (7th Cir. 2011) (explaining that plaintiff cannot be compensated twice for same injury, even if multiple theories support damages award or multiple defendants may be held liable). Suppose a plaintiff shows that the defendant injured her by an action that was both tortious and a breach of contract. The plaintiff cannot recover twice for the same injury, but an appellate reversal on only one theory would not affect the award of damages on the other theory. Suppose, for example, that an appellate court found the tort claim was barred by a shorter statute of limitations. That ruling would not affect the damages awarded with an independent and unchallenged basis in contract law. The same logic applies to damages awarded under both federal and state law for the same injury. The plaintiff may not win a double recovery for the same injury, but an appellate reversal of only one theory would not be enough to upset the damage award. See, *e.g., Clappier v. Flynn*, 605 F.2d 519, 529–30 (10th Cir. 1979), quoting *Stringer v. Dilger*, 313 F.2d 536, 541–42 (10th Cir. 1963).

(or, more precisely, does not lose, see *Rogers Group, Inc. v. City of Fayetteville*, 683 F.3d 903, 912–13 (8th Cir. 2012)) on a federal claim for which federal law authorizes fees, he can also recover fees for work done on related state-law claims. *Zabkowicz*, 789 F.2d at 551. In deciding whether Murphy can recover fees for his appellate defense of his state-law claim, then, we ask whether that state-law claim was sufficiently related to a successful federal claim.

As the fee question was presented to the district court, the battery claim for the choking and the throwing was related to the successful federal claim for the punch. The two claims shared a common factual core—different acts in the course of the same assault. The district court concluded (and we agree) that work done on the former could not be separated from work done on the latter for purposes of § 1988(b). *Murphy*, 2015 WL 13236780, at *4 (noting that "witness testimony relevant to one count would be relevant to the other").

But the question of appellate fees is framed differently. On appeal, parties can sometimes do what the defendants did here: present narrow questions affecting only a defined subset of the relief at stake in the larger lawsuit. That narrowing of issues will sometimes make it simple to distinguish work done on fee-authorized claims from other work.

This is such a case. The state-law sovereign immunity issue did not threaten to affect Murphy's success on his successful federal claims for injuries suffered from the punch and the deliberate indifference to his medical needs. Even if we had ruled against Murphy and decided that sovereign immunity barred recovery on his state-law claims, his recovery on his federal claims would have been unaffected. That is true even though the successful federal claim and the state battery claim share a common factual core; the common facts were not relevant to the appealed question. Appellate work done on the state-law battery claim was therefore not related to work on the successful federal claims.

To avoid this result, Murphy argues that he actually prevailed on appeal on his federal claims because the defendants' sovereign immunity argument threatened all of the damages he had won in the district court, including those awarded under federal law. See *Ustrak*, 851 F.2d at 990 (prevailing federal plaintiff-appellee is entitled to fees incurred on appeal to defend his federal victory in district court). We acknowledge that the scope of the defendants' attack may not have been apparent in the early stages of the appeal. It was sufficiently clear from defendants' opening brief on appeal, though, that defendants were challenging only damages awarded under state law. Only those damages could be affected by the state-law sovereign immunity arguments the defendants made. Those arguments did not threaten damages awarded on an independent federal-law basis that was not challenged on appeal. Accordingly, Murphy's only success on appeal came on a purely state-law issue affecting damages awarded only under state law. We conclude that a § 1988(b) award is not appropriate for that work. Plaintiff has already won—in the district court—both damages and a fee award for all of his attorney's successful efforts thus far under federal law.

Plaintiff's petition for an attorney fee award for this appeal is therefore

DENIED.