In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1829

SEVENTH AVENUE, INC.,

*Plaintiff-Appellee,*

*v.*

SHAF INTERNATIONAL, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:16-cv-325 — **Pamela Pepper**, *Judge.*

ARGUED OCTOBER 29, 2018 — DECIDED NOVEMBER 30, 2018

Before BAUER, EASTERBROOK, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* We review a district court's decision to hold a corporation in contempt of a consent judgment when its outside counsel failed to respond to a motion alleging a violation of the judgment and to appear at a hearing on the motion. All of this was unfortunate and avoidable—the product of a communication breakdown between the company's local counsel and national counsel and a lack of attention to email notifications from the district court of

the contempt motion, briefing schedule, and hearing date. We cannot say the district court abused its discretion in entering the contempt order and requiring the company to pay its adversary's fees and costs.

# I

The facts are straightforward. Shaf International is a New Jersey company that sells leather jackets and other apparel. Seventh Avenue is a Wisconsin-based catalog merchandiser that sells clothing protected by a trademark. After a dispute arose over Shaf's alleged infringement of Seventh Avenue's trademark, the parties entered into a consent agreement that prohibited Shaf from making, selling, or distributing any infringing goods. Several months later, in January 2017, Seventh Avenue discovered what it saw as continuing infringement by Shaf and filed a motion seeking to hold Shaf in contempt of the consent agreement.

Shaf was represented in the district court by local counsel from Milwaukee. The attorney received an email notification (from the district court's electronic docketing system) of Seventh Avenue's motion upon its filing on January 17, 2017. The notice informed Shaf that its response was due January 24. When Shaf failed to respond, the district court scheduled a hearing for February 14. But nobody for Shaf showed up at the hearing. The district court then issued an order granting Seventh Avenue's motion, holding Shaf in contempt and requiring the company to pay Seventh Avenue's fees and costs. The court also ordered Shaf to explain its unresponsiveness.

The contempt order caught Shaf's attention and prompted its local counsel to file a motion to reconsider. Shaf's submissions explained that the company failed to respond or

appear because its local counsel was traveling internationally at the time Seventh Avenue filed its motion for contempt. Even though local counsel returned to work five days before Shaf's written response was due and 26 days before the scheduled hearing, it took him several weeks to catch-up on his email. He missed seeing the district court's notices of Seventh Avenue's motion and the briefing and hearing schedule until all response dates had passed. Shaf's request for reconsideration also pointed to a communication breakdown between local counsel and the company's national trademark counsel. Local counsel believed national counsel would attend to any ongoing needs in the case; national counsel apparently had a different understanding; and this right-hand, left-hand confusion resulted in nobody responding to the court's briefing deadline or showing up at the hearing.

The district court denied the motion to reconsider its prior order. Seventh Avenue's counsel then supplemented its original petition for fees to reflect additional expenses associated with the contempt proceeding. The district court ultimately awarded Seventh Avenue $34,905 in fees and costs. The final award reflected downward adjustments the district court found were warranted based upon its review of the hours worked by Seventh Avenue's outside and in-house counsel.

## II

### A

We review the district court's contempt order and related denial of Shaf's motion to reconsider only for abuse of discretion. See *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir.

2010) (contempt); *Highland Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1249 (7th Cir. 1993) (motion to reconsider). Abuse of discretion is a highly deferential standard of review and we will conclude an abuse occurred "only when no reasonable person could take the view adopted by the trial court." *Lynch v. City of Milwaukee*, 747 F.2d 423, 426 (7th Cir. 1984).

The course the district court charted was reasonable in the circumstances. Presented with a motion alleging that Shaf had violated the consent agreement, the court sought Shaf's response. When Shaf failed to respond, the court effectively provided a second chance by scheduling a hearing, only then to see nobody show up on the company's behalf. The court's patience ran out and found expression in the contempt order. It is hard to call the court's reaction an abuse of discretion. See *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (explaining that contempt is an appropriate action when a party "violate[s] an order that sets forth in specific detail an unequivocal command from the court").

Shaf posits that its eventual response, albeit delayed, should relieve it of any contempt sanction. While the delayed response was surely better than not responding at all, the district court acted well within its discretion to find that Shaf's initial unresponsiveness warranted a sanction. We also do not see how, as Shaf would have it, the company's good faith efforts to avoid infringing on Seventh Avenue's trademark should absolve it of the sanction. Shaf could have put its merits position on the alleged infringement before the district court by responding timely to Seventh Avenue's motion or by attending the scheduled hearing. To these failures, good faith provides no immunity from sanction. Deadlines matter. Nor, of course, can communication breakdowns

serve to exempt outside counsel—or here its client—from "compliance with the rules, or from the penalties for failing to do so." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

B

We also see no abuse of discretion in the district court's award of fees and costs to Seventh Avenue. On this score, we are guided by the reality that, "[b]y virtue of its familiarity with the litigation, the district court certainly is in a better position than we to determine the number of hours that were reasonably expended." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). After a careful, line-by-line consideration of Seventh Avenue's legal bills, the district court adjusted downward by 11 hours the overall time incorporated into the award against Shaf. In doing so, it credited particular concerns expressed by Shaf in response to Seventh Avenue's petition. Specifically, the district court trimmed seven hours of billed time from Seventh Avenue's outside counsel, finding the time redundant of work performed by other attorneys and not necessary to the prosecution of the alleged trademark infringement. As for Seventh Avenue's in-house attorney, the district court, while finding the overall work necessary and appropriate, determined certain activities could have been accomplished by a paralegal and therefore deducted four hours of billed time. We see nothing unreasonable with these adjustments.

Finally, the district court did not overstep in finding that the hourly fees charged by Seventh Avenue were reasonable. To support this finding, the court relied in part on a third-party declaration from a Wisconsin attorney familiar with trademark infringement litigation who observed that the

hourly rates charged by Seventh Avenue's counsel were aligned with market rates. See *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012). It was on this basis and diligence that the district court entered its award of $34,905 in fees and costs. None of this rises to the level of an abuse of discretion.

We AFFIRM.